James L. Williams (026402)
**SCHMITT SCHNECK**
**EVEN & WILLIAMS, P.C.**
1221 East Osborn Road, Suite 105
Phoenix, Arizona 85014
Arizona State Bar No. 026402
Telephone: 602-277-7000
Email: James@azbarristers.com

Seth D. Levy (*pro hac vice forthcoming*)
**NIXON PEABODY LLP**
300 South Grand Avenue, Suite 4100
Los Angeles, California 90071-3151
California State Bar No. 217,638
Telephone: 213-629-6161
Email: slevy@nixonpeabody.com

Evan H. Langdon (*pro hac vice forthcoming*)
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, D.C. 20001-5327
District of Columbia State Bar No. 1003057
Telephone: 202-585-8000
Email: elangdon@nixonpeabody.com

*Attorneys for Plaintiff Easton Diamond Sports, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Easton Diamond Sports, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>Proton Sports, Inc.,<br><br>   Defendant. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(Jury Trial Demanded) |

Plaintiff, Easton Diamond Sports, LLC ("Easton"), by and through its undersigned counsel, alleges as follows for its Complaint against Defendant, Proton Sports, Inc. ("Proton"):

**INTRODUCTION**

1.      This is an action for patent infringement arising under 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Easton is one of the most iconic and recognizable brands in baseball and softball equipment. Easton's commitment to innovation and game-changing technologies propelled it to the forefront of the baseball and softball bat industry, including breakthrough technologies with aluminum and composite materials. This case is about protecting Easton's technological innovations embodied in Easton's composite bats, and prohibiting unlicensed, foreign bat manufacturers from unlawfully using Easton's groundbreaking technology in their own bats.

3.      Specifically, at issue is Proton's infringement of Easton's Patent, United States Patent No. 6,997,826 (the "'826 Patent"), a certified copy of which is attached hereto as Exhibit A. The '826 Patent is fundamental to a revolutionary new design for baseball and softball bats that achieve better and more consistent performance (as measured by hitting distance), while being less costly to manufacture. Over the past few decades, the technology behind the construction of non-wooden bats for use in baseball and softball has increased exponentially in terms of the materials used to create the bats, and now, in the advanced methods for design and construction of bats that embody the '826 patent. Initially, non-wooden bats, *i.e.*, bats made from aluminum alloys, composite materials, or combinations thereof, consisted of a single member or wall (*i.e.*, "single walled bats"). However, in the mid-1990s, "double-walled" bats were created, designed by inserting a sleeve, body, shell, or frame into the barrel portion of single-walled bat. While these bats improved performance, the engineering principles behind this advancement were not disclosed or fully understood in the art. Moreover, these double-walled bats were costly to manufacture. The inventors of the '826 Patent, however, fully appreciated the engineering principle known as "bending theory," and applied it to invent a new design for bats that substantially improved the cost to manufacture and performance of double-walled

bats, while at the same time pioneering multi-walled bats that have managed to increase performance even further.

## PARTIES

4. Plaintiff Easton is a Delaware limited liability company having an address of 3500 Willow Lane, Thousand Oaks, California 91361.

5. Defendant Proton is a corporation organized under the laws of Arizona and maintains its principal place of business at 7904 East Chaparral Road, Suite A 110, Scottsdale, Arizona 85250. Upon information and belief, Proton may be served through its registered agent for service of process: Spiegel & Utrera, P.A. at 130 North Central Avenue, Suite 303, Phoenix, Arizona 85004. On information and belief, Proton manufactures abroad, imports, offers for sale, sells for importation in the United States, and/or sells within the United States after importation products that infringe one or more claims of the '826 Patent (*i.e.* the Accused Products, defined further *infra*), including through the internet.

## JURISDICTION AND VENUE

6. As alleged above, this Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Proton because its principal place of business is located within the District of Arizona and its contacts with the District of Arizona are significant, pervasive, and directly give rise to part of this dispute.

8. Venue is proper in the District of Arizona under 28 U.S.C. § 1400(b) because Proton has engaged in infringement of the Asserted Patents and has its principal place of business in the District of Arizona.

## ASSERTED PATENT

9. The '826 Patent is entitled "Composite Baseball Bat" and was issued on February 14, 2006 to co-inventors Terrance W. Sutherland, Stephen Fitzgerald, and Frederic St. Laurent. The '826 Patent issued from Application No. 10/383,242, which was filed March 7, 2003. The application was subject to prior publication as US 2004/1076197

A1 on September 9, 2004. The '826 Patent has nineteen claims, including two independent claims and seventeen dependent claims.

10. The '826 Patent expires on March 7, 2023.

11. Easton owns by assignment the entire right, title, and interest in and to the '826 Patent.

12. The '826 Patent generally discloses and claims bats for use in baseball and softball with an elongated handle portion, a tapered midsection, and a barrel portion used for striking the baseball or softball. This barrel portion improves on the prior art by creating a new design for the barrel that allows for multiple structural layers (*i.e.*, multi-walled bats), which both improves hitting performance and is less costly to manufacture.

## ACCUSED PRODUCTS

13. On information and belief, Proton uses, sells, offers to sell, and/or imports a number of products that infringe the '826 Patent, including but not limited to those listed in this Complaint, the comprehensive identification of which will be the subject of discovery from Proton.

14. The Accused Products are composite baseball and softball bats and components thereof that infringe at least one claim of the '826 Patent, either literally or under the doctrine of equivalents, including, but not limited to: (1) Series One USSSA 240—Balanced; (2) Series One USSSA 240—Endload; (3) Series One Senior SSUSA—Balanced; and (4) Series One Senior SSUSA—Endload. On information and belief, these composite baseball and softball bats and components thereof are manufactured outside the United States, shipped and/or imported into the United States, and sold in the United States either before or after importation by Proton. On information and belief, additional instances of infringement, importation, and sale of certain composite baseball and softball bats and components thereof will be obtained from Proton during discovery.

15. Easton needs discovery from Proton to identify all of the Accused Products that Proton has used, offered to sell, sold, or imported into the United States and for which Easton seeks relief in this case.

### PROTON'S ACTUAL KNOWLEDGE OF THE '826 PATENT

16. Proton had actual knowledge of the existence of the '826 Patent at least as of the service of this Complaint.

17. Pursuant to 35 U.S.C. § 287(a), the filing of this action also constitutes actual notice to Proton of the '826 Patent and the manner of its infringement thereof.

### CLAIM I: INFRINGEMENT OF THE '826 PATENT

18. Easton repeats and realleges the allegations of the foregoing paragraphs 1 through 17 as if fully set forth herein.

19. Proton has infringed at least one claim of the '826 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, in connection with using, offering to sell, selling, and/or importing the Accused Products into the United States.

20. A chart demonstrating how a representative Proton Accused Product, the Proton Series One product, infringes independent claims 1 and 18 of the '826 Patent is attached as Exhibit B. Photographs of the physical representative Proton Accused Product that infringes the claims of the '826 Patent are attached as Exhibit C. Exhibits B and C are for illustrative pleading purposes only and are not intended to limit the patent claims asserted or the Accused Products at issue in this case. Easton will disclose its contentions regarding the claims of the '826 Patent that are infringed and the Accused Products for which Easton seeks relief upon receiving discovery from Proton regarding all of the Accused Products they have used, offered to sell, sold, and/or imported into the United States.

21. Proton's infringement of the '826 Patent has caused and will continue to cause Easton substantial monetary harm for which Easton is entitled to receive compensatory damages in an amount to be determined at trial, but in no event less than a reasonable royalty.

22. Easton has complied with the requirements of 35 U.S.C. § 287(a) by, without limitation, undertaking reasonable efforts to ensure that its products embodying the '826

1  Patent complied with the requirements of 35 U.S.C. § 287(a), including by marking its
2  products.

3      23.    Proton has had actual notice of the '826 Patent since no later than the filing
4  of this Complaint.

5      24.    Proton's infringement of the '826 Patent has been willful since no later than
6  the earlier date Proton had actual knowledge of or was willfully blind to the existence of
7  the '826 Patent, which will be the subject of discovery.

8      25.    On information and belief, Proton deliberately infringed the '826 Patent and
9  acted recklessly and in disregard of the '826 Patent by using, importing, selling, and
10 offering for sale products that infringe the '826 Patent with knowledge of the '826 Patent
11 and of the likelihood that the '826 Patent is infringed by Proton's acts.  The risks of
12 infringement were known to Proton and/or were so obvious under the circumstances that
13 the infringement risks should have been known.  Proton has persisted in infringing conduct
14 despite a high likelihood that its actions constituted infringement of the '826 Patent and
15 that the risk of infringement was known or should have been known to Proton.
16 Accordingly, Proton has willfully infringed and/or continues to willfully infringe the '826
17 Patent.

18     26.    Proton's actions after becoming aware of its infringement constitute
19 egregious behavior beyond typical infringement.

20 / / /

22 / / /

## PRAYER FOR RELIEF

WHEREFORE, Easton respectfully requests the Court to enter judgment in favor of Easton and against Proton as to all claims asserted herein as follows:

A. Granting a judgment that Proton has infringed the '826 Patent in violation of 35 U.S.C. § 271(a);

B. Ordering Proton to pay Easton damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the patented inventions by Proton, together with pre-judgment and post-judgment interest and costs as fixed by the Court, in accordance with 35 U.S.C. § 284;

C. Increasing damages awarded to Easton in this case up to three times the damages amount found by the jury or assessed by the Court pursuant to 35 U.S.C. § 284 due to the willfulness of Proton's infringement;

D. Finding the case to be exceptional under 35 U.S.C. § 285 and granting an award of Easton's reasonable fees; and

E. Granting Easton such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Easton demands a trial by jury on all issues so triable.

Dated: September 24, 2021                Respectfully submitted,

*/s/ James L. Williams*
James L. Williams
**SCHMITT SCHNECK EVEN & WILLIAMS, P.C.**
1221 East Osborn Road, Suite 105
Phoenix, Arizona 85014
Email: james@azbarristers.com

Seth D. Levy (*pro hac vice forthcoming*)
**NIXON PEABODY LLP**

- 7 -

Case 2:21-cv-01655-JJT   Document 1   Filed 09/24/21   Page 8 of 8

300 South Grand Avenue, Suite 4100
Los Angeles, California 90071-3151
Email: slevy@nixonpeabody.com

Evan H. Langdon (*pro hac vice forthcoming*)
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, D.C. 20001-5327
Email: elangdon@nixonpeabody.com

*Attorneys for Plaintiff*
*Easton Diamond Sports, LLC*

- 8 -